**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| MARYLAND CHAPTER OF THE SIERRA CLUB et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| FEDERAL HIGHWAY ADMINISTRATION et al., | ) ) ) |
| Defendants. | ) ) |

No. 8:22-cv-2597

Hon. Deborah K. Chasanow

## FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Under Rule 8 of the Federal Rules of Civil Procedure, the Federal Highway Administration (FHWA), Stephanie Pollack, and Gregory Murrill (together, the Federal Defendants) respond as follows to Plaintiffs Maryland Charter of the Sierra Club, Friends of Moses Hall, National Trust for Historic Preservation in the United States, and Natural Resources Defense Council, Inc.'s Complaint for Declaratory and Injunctive Relief.

### INTRODUCTION

1.      Federal Defendants admit that the FHWA and the Maryland Department of Transportation (MDOT) have approved the Managed Lanes Project, which involves an approximately 15-mile stretch of I-495 and I-270 between Mclean, Virginia, and Gaithersburg Maryland.

2.      Federal Defendants deny the allegations in paragraph 2.

3.      Federal Defendants admit that the FHWA relied on traffic modeling performed by MDOT.  Federal Defendants lack knowledge or information sufficient to form a belief as to

1

the truth of the allegations in the second and third sentence of paragraph 3 and, on that basis, deny the allegations.  Federal Defendants deny the allegations in the fourth and fifth sentences.

4.      The allegations in sentences one and two of paragraph 4 consist of Plaintiffs' characterization of the Final Environmental Impact Statement (FEIS) and the Record of Decision (ROD), which speak for themselves and are the best evidence of their contents.  To the extent the allegations in sentence two are contrary to the plain language, meaning, and context of the U.S. Department of Transportation review, the allegations are denied.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in sentence three of paragraph 4 and, on that basis, deny the allegation.

5.      Federal Defendants deny the allegations in paragraph 5.

6.      Federal Defendants deny the allegations in paragraph 6.

7.      Federal Defendants aver that the determination on potential impacts to the Morningstar Tabernacle No. 88 Moses Hall and Cemetery is ongoing.  Federal Defendants admit the Morningstar Cemetery is over 125 years old and abuts the Beltway; Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 7.  The remaining allegations in paragraph 7 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the remaining allegations in paragraph 7.

8.      The allegations in paragraph 8 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in paragraph 8.

9.      Federal Defendants admit they issued the FEIS, the final Transportation Act

Section 4(f) determination, and ROD for the Project and are moving forward with the Project. Federal Defendants deny as vague and ambiguous the remaining allegations in paragraph 9.

10.     The allegations in paragraph 10 consist of Plaintiffs' characterization of this action, legal conclusions, and the relief sought, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in paragraph 10 and deny that Plaintiffs are entitled to any relief whatsoever.

<strong>JURISDICTION AND VENUE</strong>

11.     The allegations contained in paragraph 11 consist of legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants admit that this Court has jurisdiction to hear claims arising under the cited statutes.

12.     The allegations contained in paragraph 12 consist of legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants admit that venue in this district is proper.

13.     The allegations contained in paragraph 13 consist of legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants admit that assignment to the Southern Division of this Court is appropriate.

<strong>PARTIES</strong>

14.     Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in paragraph 14.

15.     Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in paragraph 15.

16.     Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in paragraph 16.

17.     The allegations in the first, third, and fourth sentences of paragraph 17 consist of legal conclusions, to which no response is required.  Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in the second and fifth sentences of paragraph 17.

18.     Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in paragraph 18.

19.     Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in paragraph 19.

20.      Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in paragraph 20 and, on that basis, deny the allegations.

21.     Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in paragraph 21 and, on that basis, deny the allegations.

22.     Federal Defendants admit the allegations in paragraph 22.

23.     Federal Defendants admit the allegations in paragraph 23.

24.     Federal Defendants admit the allegations in paragraph 24.

25.     Federal Defendants admit the allegations in paragraph 25.

26.     Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in paragraph 26.

27.      Federal Defendants admit the allegations in paragraph 27.

28.     Federal Defendants admit the allegations in the first sentence of paragraph 28. Federal Defendants admit that FHWA and MDOT share "control and responsibility" for the NEPA process.  The remaining allegations in paragraph 28 constitute Plaintiffs' characterization

of the Public-Private Partnership Agreement (P3 Agreement), which speaks for itself and is the best evidence of its contents.

29.     Federal Defendants admit the allegations in paragraph 29.

## STATUTORY AND REGULATORY BACKGROUND

30.     The allegations in paragraph 30 present conclusions of law to which no response is required.  To the extent a response is required, the allegations in paragraph 30 purport to characterize and quote the National Environmental Policy Act (NEPA), which speaks for itself and is the best evidenced of its contents.

31.     The allegations in paragraph 31 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize and quote *Marsh v. Or. Nat. Res. Council*, 490 U.S. 360, 374 (1989) and NEPA, which speak for themselves and are the best evidence of their contents.

32.     The allegations in paragraph 32 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize and quote NEPA implementing regulations, which speak for themselves and are the best evidence of their content.

33.     The allegations in paragraph 33 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize and quote NEPA implementing regulations, which speak for themselves and are the best evidence of their content.

34.     The allegations in paragraph 34 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize and quote

NEPA implementing regulations, which speak for themselves and are the best evidence of their content.

35.     The allegations in paragraph 35 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize and quote Section 4(f) of the Transportation Act, which speaks for itself and is the best evidence of its content.

36.     The allegations in paragraph 36 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize and quote Section 4(f) and its implementing regulations, which speak for themselves and are the best evidence of their content.

37.     The allegations in paragraph 37 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize and quote Section 4(f) and its implementing regulations, which speak for themselves and are the best evidence of their content.

38.     The allegations in paragraph 38 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize and quote Section 4(f) implementing regulations, which speak for themselves and are the best evidence of their content.

39.     The allegations in paragraph 39 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize and quote the National Historic Preservation Act (NHPA), which speaks for itself and is the best evidence of its content.

40.     The allegations in paragraph 40 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize and quote the NHPA, which speaks for itself and is the best evidence of its content.

41.     The allegations in paragraph 41 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize and quote the NHPA and its implementing regulations, which speak for themselves and are the best evidence of their content.

42.     The allegations in paragraph 42 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize and quote the Administrative Procedure Act, which speaks for itself and is the best evidence of its content.

## FACTUAL BACKGROUND

43.     Federal Defendants admit the first sentence of paragraph 43.  The remaining allegations in paragraph 43 constitute Plaintiffs' characterization the ROD, which speaks for itself and is the best evidence of its contents.

44.     The allegations in paragraph 44 constitute Plaintiffs' characterization of the Project as described in the ROD, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Federal Defendants deny the allegations.

45.     Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in paragraph 45.

46.     Federal Defendants admit the allegation in the first sentence of paragraph 46 to the extent it states that MDOT plans to deliver the Project through a P3 Agreement.  The remaining allegations in paragraph 46 constitute Plaintiffs' characterization of the P3 Agreement, which speaks for itself and is the best evidence of its contents.

47.     The allegations in paragraph 47 constitute Plaintiffs' characterization of the P3 Agreement, which speaks for itself and is the best evidence of its contents.

48.     The allegations in paragraph 48 constitute Plaintiffs' characterization of the the P3 Agreement, which speaks for itself and is the best evidence of its contents.

49.     Federal Defendants admit the allegations in the first sentence of paragraph 49. The remaining allegations in paragraph 49 constitute Plaintiffs' characterization of the effects of the tolls to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

50.     The allegations in paragraph 50 present conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants admit the allegations in paragraph 50.

51.     Federal Defendants admit the allegations in paragraph 51.

52.     Federal Defendants admit the allegations in paragraph 52.

53.     Federal Defendants admit the allegations in paragraph 53.

54.     Federal Defendants admit the allegations in paragraph 54.

55.     Federal Defendants deny the allegations in paragraph 55.

56.     Federal Defendants admit the allegations in paragraph 56 to the extent that FHWA relied on traffic modeling conducted by MDOT.  The remaining allegations in paragraph 56 are denied.

57.     Federal Defendants admit the allegations in the first and second sentences of paragraph 57.  The remaining allegations in paragraph 57 constitute Plaintiffs' characterization of the traffic modeling, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

58.     Federal Defendants admit the allegations in the first sentence of paragraph 58. The remaining allegations in paragraph 58 constitute Plaintiffs' characterization of the traffic modeling, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

59.     Federal Defendants deny the allegations in paragraph 59.

60.     Federal Defendants admit that Plaintiff Sierra Club submitted comments on the DEIS, SDEIS, and FEIS.  The remaining allegations in paragraph 60 are denied.

61.     The allegations in paragraph 61 purport to characterize and quote the Volpe Center memorandum attached to the ROD, which is a document that speaks for itself and is the best evidence of its content.  To the extent a response is required, Federal Defendants deny the allegations.

62.     Federal Defendants admit that FHWA acknowledged "inherent limitations" in MDOT's model.  The remaining allegations in paragraph 62 are denied.

63.     Federal Defendants admit that Sierra Club submitted public comments regarding the traffic modeling.  The remaining allegations in paragraph 63 are denied.

64.     Federal Defendants admit the allegations in the first sentence of paragraph 64. The remaining allegations in paragraph 64 are denied.

65.     Federal Defendants aver that in June 2022, Plaintiffs requested electronic files of MDOT's model inputs and outputs.  Federal Defendants aver that around August 2022, the City of Rockville also requested files of MDOT's model.  Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the remaining allegations in paragraph 65.

66.     Federal Defendants admit the allegations in the first sentence of paragraph 66. Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the

allegations in the second sentence of paragraph 66, or the allegations regarding MDOT in the third sentence of paragraph 66.  Federal Defendants admit that FHWA did not make the files public prior to releasing the ROD.

67.     Federal Defendants deny the allegations in paragraph 67.

68.     Federal Defendants admit the allegations in paragraph 68.

69.     Federal Defendants deny the allegation that the ROD does not fully explain the changes that was made between the SDEIS and FEIS.  The remaining allegations in paragraph 69 are admitted.

70.     Federal Defendants admit that MDOT made changes to its traffic model inputs. The remaining allegations in paragraph 70 are denied.

71.     Federal Defendants admit that MDOT made changes to its traffic model inputs. The remaining allegations in paragraph 71 are denied.

72.     The allegations in paragraph 72 purport to characterize and quote the Volpe Center memorandum attached to the ROD, which is a document that speaks for itself and is the best evidence of its content.

73.     Federal Defendants deny the allegations in paragraph 73.

74.     Federal Defendants deny the allegations in paragraph 74.

75.     Federal Defendants admit the allegations in the first sentence of paragraph 75. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 75 and, on that basis, deny those allegations.

76.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 and, on that basis, deny those allegations.

77.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and, on that basis, deny those allegations.

78.     Federal Defendants deny the allegations in paragraph 78.

79.     Federal Defendants deny the allegations in paragraph 79.

80.     Federal Defendants deny the allegations in paragraph 80.

81.     Federal Defendants admit the allegations in paragraph 81.

82.     The allegations in paragraph 82 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize and quote the Clean Air Act and its implementing regulations, which speak for themselves and are the best evidence of their contents.

83.     The allegations in paragraph 83 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize and quote the Clean Air Act, which speaks for itself and is the best evidence of its contents.

84.     Federal Defendants deny the allegations in paragraph 84.

85.     Federal Defendants deny the allegations in paragraph 85.

86.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 86 and, on that basis, deny those allegations.  The allegations in the second sentence of paragraph 86 purport to characterize and quote *Friends of Buckingham v. State Air Pollution Control Bd.*, 947 F.3d 68, 92 (4th Cir. 2020), which is an opinion that speaks for itself and is the best evidence of its contents.

87.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 and, on that basis, deny those allegations.

88.     Federal Defendants admit that Sierra Club submitted public comments regarding air quality monitoring.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 88 and, on that basis, deny those allegations.

89.     The allegations in paragraph 89 constitute Plaintiffs' characterization of their case, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in paragraph 89.

90.     Federal Defendants admit the allegations in paragraph 90.

91.     Federal Defendants admit that the agencies concluded that the Project's air quality impacts would not disproportionately harm environmental justice communities.  The remaining allegations in paragraph 91 are denied.

92.     Federal Defendants deny the allegations in paragraph 92.

93.     Federal Defendants admit that idling cars can generate pollutants.  The remaining allegations in paragraph 93 are denied.

94.     Federal Defendants deny the allegations in paragraph 94.

95.     Federal Defendants deny the allegations in paragraph 95.

96.     The allegations in paragraph 96 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize and quote the NEPA implementing regulations, which are regulations that speak for themselves and are the best evidence of their contents.

97.     The allegations in paragraph 97 present conclusions of law to which no response is required.

98.     Federal Defendants deny the allegations in paragraph 98.

99.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 99 and, on that basis, deny those allegations.  Federal Defendants deny the allegations in the second sentence of paragraph 99.

100.     The allegations in the first sentence of paragraph 100 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize the Section 4(f) and Section 106, which speak for themselves and are the best evidence of their contents.  Federal Defendants admit the allegations in the second sentence of paragraph 100

101.     The allegations in paragraph 101 consist of Plaintiffs' characterization of the ROD and Section 4(f) analysis, which speak for themselves and are the best evidence of their contents.

102.     The allegations in paragraph 102 consist of Plaintiffs' characterization and quotation of the ROD, FEIS, and NEPA documents, which speaks for themselves and are the best evidence of their contents.

103.     The allegations in paragraph 103 consist of Plaintiffs' characterization and quotation of the Section 106 analysis and the Programmatic Agreement, which speak for themselves and are the best evidence of their contents.

104.     Federal Defendants deny the allegations in paragraph 104.

105.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105.

106.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 and, on that basis, deny those allegations.

107.     Federal Defendants admit the allegations in the first sentence of paragraph 107. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 107.

108.     Federal Defendants admit the allegations in the first sentence of paragraph 108. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 108.  Federal Defendants aver that majority-minority communities—primarily black and African American communities—experienced the most adverse impacts and fewest benefits from past highway projects.  The remaining allegations in paragraph 108 consist of Plaintiffs' characterization of the FEIS, which speaks for itself and is the best evidence of its contents.

109.     Federal Defendants admit the Morningstar Cemetery is adjacent to the Beltway. The remaining allegations in paragraph 109 consist of Plaintiffs' characterization of the environmental impacts to the Morningstar Cemetery and do not require a response.  To the extent a response is required, Federal Defendants deny the remaining allegations.

110.     Federal Defendants admit the allegations in paragraph 110.

111.     Federal Defendants admit the allegation that the state right-of-way is set off by a chain-link fence installed by MDOT.  The remaining allegations in paragraph 111 consist of Plaintiffs' characterization of a survey found in the Cultural Resources Technical Report in the FEIS, which speaks for itself and is the best evidence of its contents.

112.     The allegations in the first, second, and fourth sentences of paragraph 112 consist of Plaintiffs' characterization of a survey found in the Cultural Resources Technical Report in the FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants admit the allegations in the third sentence of paragraph 112 to the extent that ground-penetrating

14

radar surveys of Gibson Grove Church and Morningstar Cemetery were conducted to detect and map the potential for burials.

113.     Federal Defendants deny the allegations in paragraph 113.

114.     Federal Defendants aver that the determination on potential impacts to the Morningstar Cemetery is ongoing.  The remaining allegations in paragraph 114 are Plaintiffs' characterization of the plans stated in the FEIS, ROD, Final Section 4(f) analysis, and Programmatic Agreement, which speak for themselves and are the best evidence of their contents.

115.     Federal Defendants deny the allegations in paragraph 115.

116.     Federal Defendants deny the allegations in paragraph 116.

117.     Federal Defendants admit the allegations in paragraph 117.

118.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118.

119.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.

120.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120.

121.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121.

122.     Federal Defendants admit that Plummers Island is eligible for inclusion in the National Register of Historic Places under Section 4(f).  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 122.

123.    Federal Defendants admit the allegations in the first sentence of paragraph 123. Federal Defendants admit the allegations in the second sentence to the extent that the Project would use approximately 0.28 acres of Section 4(f) property on Plummers Island, of which less than 0.1 acres would be permanent.

124.    Federal Defendants admit the allegations in paragraph 124.

125.    Federal Defendants admit the allegations in paragraph 125.

126.    The allegations in paragraph 126 are Plaintiffs' characterization of impacts on Plummers Island stated in the FEIS, ROD, and Final 4(f) analysis, which speak for themselves and are the best evidence of their contents.

127.    Federal Defendants aver that the widened American Legion Bridge would require use of the Section 4(f) Washington Biologists' Field Club property on Plummers Island.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 127.

128.    The allegations in paragraph 128 constitute Plaintiffs' characterization of the FEIS and the ROD, which speak for themselves and are the best evidence of their contents.

129.    Federal Defendants deny the allegations in paragraph 129.

130.    The allegations in paragraph 130 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize the Section 4(f) and its implementing regulations, which speaks for itself and is the best evidence of its contents.

131.    The allegations in paragraph 131 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize the

Section 4(f) and its implementing regulations, which speaks for itself and is the best evidence of its contents.

132.    The allegations in paragraph 132 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize the Section 4(f) and its implementing regulations, which speaks for itself and is the best evidence of its contents.

133.    Federal Defendants admit the allegations in the first sentence of paragraph 133. The remaining allegations in paragraph 133 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize the Section 4(f) and its implementing regulations, which speaks for itself and is the best evidence of its contents.

134.    Federal Defendants admit the allegations in paragraph 134.

135.    Federal Defendants deny the allegations in paragraph 135.

136.    The allegations in paragraph 136 constitute Plaintiffs' characterization of the ROD, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Federal Defendants admit the allegation that MDOT and FHWA rejected the west shift alignment and deny the remaining allegations.

137.    Federal Defendants deny the allegations in paragraph 137.

138.    Federal Defendants deny the allegations in paragraph 138.

## FIRST CLAIM FOR RELIEF

139.    Federal Defendants incorporate by reference its responses to the allegations contained in paragraphs 1 through 138.

140.     The allegations in paragraph 140 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize the NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

141.     Federal Defendants deny the allegations in paragraph 141.

142.     Federal Defendants deny the allegations in paragraph 142.

143.     Federal Defendants deny the allegations in paragraph 143.

144.     Federal Defendants deny the allegations in paragraph 144.

**SECOND CLAIM FOR RELIEF**

145.     Federal Defendants incorporate by reference its responses to the allegations contained in paragraphs 1 through 144.

146.     The allegations in paragraph 146 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize the NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

147.     Federal Defendants deny the allegations in paragraph 147.

148.     Federal Defendants deny the allegations in paragraph 148.

**THIRD CLAIM FOR RELIEF**

149.     Federal Defendants incorporate by reference its responses to the allegations contained in paragraphs 1 through 148.

150.     Federal Defendants deny the allegations in paragraph 150.

151.     Federal Defendants deny the allegations in paragraph 151.

152.     The allegations in paragraph 152 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize the NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

153.     Federal Defendants deny the allegations in paragraph 153.

## FOURTH CLAIM FOR RELIEF

154.     Federal Defendants incorporate by reference its responses to the allegations contained in paragraphs 1 through 153.

155.     The allegations in paragraph 155 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize Section 4(f) and its implementing regulations, which speak for themselves and are the best evidence of their contents.

156.     Federal Defendants admit the allegations in paragraph 156.

157.     Federal Defendants deny the allegations in paragraph 157.

158.     The allegations in paragraph 158 present conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in paragraph 158.

159.     The allegations in paragraph 159 present conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in paragraph 159.

160.     Federal Defendants admit the allegations in paragraph 160.

161.     Federal Defendants admit the allegations in paragraph 161.

162.    The allegations in paragraph 162 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize Section 106, which speaks for itself and is the best evidence of its contents.

163.    Federal Defendants deny the allegations in paragraph 163.

**FIFTH CLAIM FOR RELIEF**

164.    Federal Defendants incorporate by reference its responses to the allegations contained in paragraphs 1 through 163.

165.    The allegations in paragraph 165 present conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in paragraph 165.

166.    The allegations in paragraph 166 present conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in paragraph 166.

167.    Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in paragraph 167.

168.    Federal Defendants deny the allegations in paragraph 168.

169.    Federal Defendants deny the allegations in paragraph 169.

170.    Federal Defendants deny the allegations in paragraph 170.

**SIXTH CLAIM FOR RELIEF**

171.    Federal Defendants incorporate by reference its responses to the allegations contained in paragraphs 1 through 170.

172.    Federal Defendants admit the allegation in paragraph 172.

173.    Federal Defendants aver that the Project would use approximately 0.28 acres on Plummers Island of which less than 0.1 acres would be permanent.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 173 and, on that basis, deny the allegations.

174.    The allegations in paragraph 174 present conclusions of law to which no response is required.  To the extent a response is required, the allegations purport to characterize Section 4(f), which speaks for itself and is the best evidence of its contents.

175.    Federal Defendants deny the allegations in paragraph 175.

176.    Federal Defendants deny the allegations in paragraph 176,

## REQUEST FOR RELIEF

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required.  To the extent a response may be deemed required, Federal Defendants deny that Plaintiffs are entitled to the relief sought or to any form of relief

## GENERAL DENIAL

Federal Defendants deny any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified in all the preceding paragraphs.

## AFFIRMATIVE DEFENSES

Plaintiffs fail to state a claim for which relief may be granted on some or all their claims.

DATED: December 19, 2022

Respectfully submitted,

TODD KIM
Assistant Attorney General

By: */s/ Samuel R. Vice*
SAMUEL R. VICE
Trial Attorney
Natural Resources Section
Environmental and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 353-5540
Email: samuel.vice@usdoj.gov

*Counsel for Federal Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of December 2022 that a copy of the

foregoing Answer to Plaintiffs' Complaint has been electronically filed with the Clerk of Court

and served on all registered parties via CM/ECF.

By: */s/ Samuel R. Vice*
SAMUEL R. VICE