**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| MARYLAND CHAPTER OF THE SIERRA CLUB, *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No.: 8:22-cv-02597-DKC |
| FEDERAL HIGHWAY ADMINISTRATION, *et al.*, | **ANSWER OF STATE DEFENDANTS** |
| *Defendants*. | |

Defendants Maryland Department of Transportation and James F. Ports, Jr. (collectively, the "State Defendants"), for their Answer to the Complaint for Declaratory and Injunctive Relief by Plaintiffs Maryland Chapter of the Sierra Club, Friends of Moses Hall, National Trust for Historic Preservation in the United States, and Natural Resources Defense Council, Inc. (collectively, the "Plaintiffs") state as follows:

**INTRODUCTION[1]**

1.      State Defendants admit that Paragraph 1 generally describes the approximate length and location of the Managed Lanes Project (the "Project"), which is more fully described in the Federal Highway Administration (FHWA) Record of Decision (ROD), which speaks for itself and is the best

---

[1]      For ease of reference, State Defendants' Answer refers to the headings contained in the Complaint.  To the extent those headings could be construed to contain factual allegations, and to the extent a response is deemed required, those allegations are denied.

evidence of its contents.  To the extent a response is otherwise required, State Defendants deny the allegations in Paragraph 1 of the Complaint.

2.      State Defendants deny the allegations in Paragraph 2 of the Complaint.

3.      State Defendants admit that the Maryland Department of Transportation (MDOT) conducted traffic modeling and also admit that the traffic modeling performed predicted that toll lanes will provide relief from traffic congestion on the Beltway and I-270.  State Defendants admit that some drivers will find alternative routes when faced with extreme congestion.  State Defendants deny all other allegations in Paragraph 3 of the Complaint..

4.      State Defendants deny the allegations in Paragraph 4 of the Complaint.

5.      State Defendants deny the allegations in Paragraph 5 of the Complaint.

6.      State Defendants deny the allegations in Paragraph 6 of the Complaint.

7.      State Defendants admit the allegations in the second sentence of Paragraph 7 of the Complaint.  All other allegations in Paragraph 7 of the Complaint are denied.

8.      State Defendants deny the allegations in Paragraph 8 of the Complaint.

9.      State Defendants admit that work related to design, financing and final permits is continuing but deny that they are currently moving to "start construction."  State Defendants deny all other allegations in Paragraph 9 of the Complaint.

10.     State Defendants deny the allegations in Paragraph 10 of the Complaint.

**JURISDICTION AND VENUE**

11.     Paragraph 11 consist of legal conclusions and characterization of this Complaint to which no response is required.  To the extent a response is required, State Defendants admit that this Court has jurisdiction to hear claims arising under the cited statutes.

12.     State Defendants admit that venue in this district is proper.

13.     State Defendants admit that assignment to the Southern Division of this Court is appropriate as to the allegations related to the State Defendants.

## PARTIES

### I.    Plaintiffs

14.     State Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations in Paragraph 14.

15.     State Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations in Paragraph 15.

16.     State Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations in Paragraph 16.

17.     State Defendants admit that the National Trust participated in the Section 106 consultation.  To the extent Paragraph 17 purports to cite or characterize legal authority, no response is required, and the statutes or regulations are the best evidence of their contents.  As to all other allegations contained in Paragraph 17, State Defendants lack knowledge or information sufficient to admit or deny the truth of those allegations.

18.     State Defendants admit that members of Friends of Moses Hall, the National Trust, and Sierra Club have a demonstrated interest in the historic properties that may be affected by the Project. State Defendants deny that the Project would diminish the cultural and historic features of the Morningstar Tabernacle No. 88 Hall and Cemetery.  State Defendants lack knowledge or information sufficient to admit or deny the truth of the other allegations in Paragraph 18.

19.     State Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations in Paragraph 19.

20.     State Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations in Paragraph 20.

21.     State Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations in Paragraph 21.

II.     **Defendants**

   A.     **Federal Defendants**

22.     State Defendants admit the allegations in Paragraph 22 of the Complaint.

23.     State Defendants admit the allegations in Paragraph 23 of the Complaint.

24.     State Defendants admit the allegations in Paragraph 24 of the Complaint.

   B.     **Maryland Defendants**

25.     State Defendants admit the allegations in Paragraph 25 of the Complaint.

26.     State Defendants admit the allegations in Paragraph 26 of the Complaint.

27.     State Defendants admit the allegations in Paragraph 27 of the Complaint, except that State Defendants deny that Paragraph 27 fully and accurately reflects the terms of Appendix A and the Section 106 Programmatic Agreement and otherwise note that no response is necessary as those documents speak for themselves and are the best evidence of their contents.

28.     State Defendants admit that MDOT and the Maryland Transportation Authority entered a Phase 1 Public-Private Partnership Agreement (P3 Agreement) with a private developer but deny that Paragraph 28 of the Complaint fully and accurately reflects the P3 Agreement's terms and otherwise note that no response is necessary as the P3 Agreement speaks for itself and is the best evidence of its contents.

29.     State Defendants admit the allegations in Paragraph 29 of the Complaint.

4

## STATUTORY AND REGULATORY BACKGROUND

### I.   National Environmental Policy Act (NEPA)

30.   Paragraph 30 purports to cite or characterize legal authority to which no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 30 fully and accurately recites the provisions of 42 U.S.C. §§ 4321 & 4331 and state that 42 U.S.C. §§ 4321 & 4331 best reflect their terms.

31.   Paragraph 31 purports to cite or characterize legal authority to which no response is required.  To the extent a response is otherwise required.  State Defendants deny that Paragraph 31 fully and accurately recites the provisions of 42 U.S.C. § 4322 and the holding of *Marsh v. Or. Nat. Res. Council*, 490 U.S. 360, 374 (1989) and state that 42 U.S.C. § 4322 best reflects its terms and the *Marsh* opinion best reflects its holding.

32.   Paragraph 32 purports to cite or characterize legal authority to which no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 32 fully and accurately recites the provisions of the cited statutes and regulations and state that the cited statutes and regulations best reflect their respective terms.

33.   Paragraph 33 purports to cite or characterize legal authority to which no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 33 fully and accurately recites the provisions of the cited regulations and state that the cited regulations best reflect their respective terms.

34.   Paragraph 34 purports to cite or characterize legal authority to which no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 34 fully and accurately recites the provisions of the cited statutes and regulations and state that the cited statutes and regulations best reflect their respective terms.

## II.   Transportation Act Section 4(f)

35.   Paragraph 35 purports to cite or characterize legal authority no response is required. To the extent a response is otherwise required, State Defendants deny that Paragraph 35 fully and accurately recites the provisions of 49 U.S.C. § 104(a) and state that 49 U.S.C. § 104(a) best reflects its terms.

36.   Paragraph 36 purports to cite or characterize legal authority to which no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 36 fully and accurately recites the provisions of the cited statutes and regulations and state that the cited statutes and regulations best reflect their respective terms.

37.   Paragraph 37 purports to cite or characterize legal authority to which no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 37 fully and accurately recites the provisions of the cited statutes and regulations and state that the cited statutes and regulations best reflect their respective terms.

38.   Paragraph 38 purports to cite or characterize legal authority to which no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 38 fully and accurately recites the provisions of the cited regulation and state that the cited regulation best reflects its terms.

## III.   National Historic Preservation Act (NHPA) Section 106

39.   Paragraph 39 purports to cite or characterize legal authority to which no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 39 fully and accurately recites the provisions of the cited statutes and state that the cited statutes best reflect their respective terms.

40.     Paragraph 40 purports to cite or characterize legal authority to which no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 40 fully and accurately recites the provisions of the cited statutes and state that the cited statutes best reflect their respective terms.

41.     Paragraph 41 purports to cite or characterize legal authority to which no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 41 fully and accurately recites the provisions of the cited statutes and regulations and state that the cited statutes and regulations best reflect their respective terms.

### IV.     Administrative Procedure Act (APA)

42.     Paragraph 42 purports to cite or characterize legal authority to which no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 42 fully and accurately recites the provisions of the cited statutes and state that the cited statutes best reflect their respective terms.

### FACTUAL BACKGROUND

43.     Paragraph 43 purports to cite, excerpt, and characterize the ROD, a legal document that speaks for itself and therefore no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 43 fully and accurately recites the contents of the ROD and state that the ROD best reflects that content.

44.     Paragraph 44 purports to cite, excerpt, and characterize the ROD, a legal document that speaks for itself and therefore no response is required.  To the extent a response is otherwise required, State Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     State Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     Paragraph 46 purports to cite, excerpt, and characterize the P3 Agreement, a published legal document that speaks for itself and therefore no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 46 fully and accurately recites the contents of the P3 Agreement, which best reflects its own contents.

47.     Paragraph 47 purports to cite, excerpt, and characterize the P3 Agreement, a published legal document that speaks for itself and therefore no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 47 fully and accurately recites the contents of the P3 Agreement and state that the P3 Agreement, which best reflects its own contents.

48.     Paragraph 48 purports to cite, excerpt, and characterize the P3 Agreement, a published legal document that speaks for itself and therefore no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 48 fully and accurately recites the contents of the P3 Agreement, which best reflects its own contents.

49.     State Defendants deny the allegations in Paragraph 49 of the Complaint, except that State Defendants admit that the toll rates will be set dynamically based on traffic volumes or speed.

**I.    Deficiencies in Defendants' NEPA Review**

50.     Paragraph 50 states a legal conclusion to which no response is required.  To the extent a response is required, State Defendants admit that an environmental impact statement was prepared.

51.     State Defendants admit the allegations in Paragraph 51 of the Complaint.

52.     State Defendants admit the allegations in Paragraph 52 of the Complaint.

53.     State Defendants admit the allegations in Paragraph 53 of the Complaint.

54.     State Defendants admit that the ROD issued on August 25, 2022 and that the ROD, in addition to providing other information, approved the Project.

55.     State Defendants deny the allegations in Paragraph 55 of the Complaint.

**A.     Defendants' failures to disclose and explain MDOT's traffic modeling**

56.     State Defendants deny the allegations in Paragraph 56 of the Complaint, except to admit that MDOT conducted certain traffic modeling to address expected traffic performance for the Project. To the extent any additional response is required,  State Defendants deny that Paragraph 56 fully and accurately recites the contents of various traffic modeling evaluated for the Project.

57.     State Defendants deny the allegations in Paragraph 57 of the Complaint, except to admit that MDOT conducted traffic modeling to address expected traffic performance for the Project.  To the extent any additional response is required, State Defendants deny that Paragraph 57 fully and accurately recites the contents of various traffic modeling evaluated for the Project.

58.     State Defendants deny the allegations in Paragraph 58 of the Complaint except to admit that MDOT conducted traffic modeling to address expected traffic performance for the Project.  To the extent any additional response is required, State Defendants deny that Paragraph 58 fully and accurately recites the contents of various traffic modeling evaluated for the Project.

59.     State Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     State Defendants admit that Sierra Club submitted public comments on the DEIS, SDEIS, and FEIS, but otherwise deny the allegations in Paragraph 60 of the Complaint.

61.     State Defendants deny the allegations in Paragraph 61 except to admit that, in a memorandum included in the appendix to the ROD, FHWA described the Volpe Center as "a resource providing world-renowned multidisciplinary, multimodal transportation expertise on behalf of DOT, other federal agencies, and external organizations."  State Defendants otherwise deny that Paragraph 61 fully and accurately recites the analysis contained in the Volpe Center memorandum and state that the Volpe Center memorandum best reflects its analysis and contents.

9

62.     State Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     State Defendants admit that Sierra Club submitted public comments regarding the traffic modeling, but otherwise deny the allegations in Paragraph 63 of the Complaint.

64.     State Defendants deny the allegations in Paragraph 64 of the Complaint, except that State Defendants admit that the FEIS included changes to the traffic modeling.

65.     State Defendants admit that Sierra Club and the City of Rockville requested certain electronic files but lack knowledge or information sufficient to admit or deny the truth of the allegations regarding the Sierra Club's intent and otherwise deny the allegations in Paragraph 65 of the Complaint.

66.     State Defendants admit that the requests were processed in accordance with Maryland's Public Information Act, as required, but otherwise deny the allegations in Paragraph 66 of the Complaint.

67.     State Defendants deny the allegations in Paragraph 67 of the Complaint, except that State Defendants admit that there is documentation in the record regarding the Volpe Center and that this documentation best reflects its contents.

68.     State Defendants admit that the Volpe Center memorandum does not list the public comments from Sierra Club's traffic modeling expert or the modeling files requested by Sierra Club and the City of Rockville as sources that were reviewed as part of the Volpe Center's analysis, but State Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations in Paragraph 68.

69.     State Defendants deny the allegations in Paragraph 69 of the Complaint, except that State Defendants admit that the traffic volume inputs for the Greenbelt Metro Station ramps were reduced to align with the Metropolitan Washington Council of Governments model trends for the area.

70.     State Defendants deny the allegations in Paragraph 70 of the Complaint, except to admit that initial traffic volume model inputs on the ramps by the Greenbelt Metro Station were modified. State Defendants otherwise deny that Paragraph 70 fully and accurately recites the contents of various traffic modeling evaluated for the Project.

71.     State Defendants admit that changing the model inputs to more accurately reflect the trends in the area resulted in an increase in the predicted capacity of the Beltway under the preferred action, but otherwise deny the allegations in Paragraph 71 of the Complaint and deny that Paragraph 71 fully and accurately recites the contents of various traffic modeling evaluated for the Project.

72.     State Defendants deny that Paragraph 72 fully and accurately recites the analysis of the Volpe Center memorandum and state that memorandum best reflects its contents.

73.     State Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     State Defendants deny the allegations in Paragraph 74 of the Complaint.

**B.     Defendants' refusal to analyze harmful fine particulate ($PM_{2.5}$) air pollution from the toll lanes project**

75.     State Defendants admit that $PM_{2.5}$ is a regulated pollutant under the Clean Air Act and is considered by agencies in the course of the analysis of air conformity determinations, but State Defendants otherwise deny the allegations in Paragraph 75 of the Complaint.

76.     State Defendants admit that certain motor vehicles emit $PM_{2.5}$ from their tailpipes and through wear and tear on brakes and tires.

77.     State Defendants admit that $PM_{2.5}$ is a regulated pollutant under the Clean Air Act and is considered by agencies in the course of the analysis of air conformity determinations, but State Defendants otherwise deny the allegations in Paragraph 77 of the Complaint.

78.     State Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     State Defendants deny the allegations in Paragraph 79 of the Complaint.

80.     State Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     State Defendants admit that the D.C. region has been declared in attainment for the National Ambient Air Quality Standards (NAAQS) for $PM_{2.5}$.  State Defendants deny the allegations in Paragraph 81 to the extent said allegation mischaracterize the Project and how $PM_{2.5}$ was considered in the comprehensive air quality analysis for the region.

82.     Paragraph 82 purports to cite or characterize legal authority to which no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 82 of the Complaint fully and accurately recites the provisions of the cited statutes and regulations and state that the cited statutes and regulations best reflect their respective provisions.

83.     Paragraph 83 purports to cite or characterize legal authority to which no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 83 of the Complaint fully and accurately recites the provisions of the cited statutes and state that the cited statutes best reflect their respective provisions.

84.     State Defendants deny the allegations in Paragraph 84 of the Complaint.

85.     State Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     Paragraph 86 purports to cite or characterize legal authority to which no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 86 fully and accurately reflects the analysis of *Friends of Buckingham v. State Air Pollution Control Bd.*, 947 F.3d 68, 92 (4th Cir. 2020) and state that the opinion best reflects that analysis.

12

87.     State Defendants deny the allegations in Paragraph 87 of the Complaint, except to the extent the record sets forth the location of all regional air quality monitors.

88.     State Defendants deny the allegations in Paragraph 88 of the Complaint.

C.     **Defendants' arbitrary conclusion that the toll lanes project would not disproportionately harm environmental justice communities**

89.     State Defendants admit that an analysis of community effects was performed and that the Final Community Effects Assessment & EJ Analysis Technical Report was included in the FEIS.  State Defendants otherwise deny the allegations in Paragraph 89 of the Complaint.

90.     State Defendants deny that allegations in Paragraph 90 of the Complaint fully and accurately recite the analysis and findings of the State and Federal Defendants in the FEIS, which best reflects its contents.  State Defendants admit that the Final Community Effects Assessment & EJ Analysis Technical Report, which is Appendix F to the FEIS, identified Census block groups as environmental justice communities "based on minority race and ethnicity population criteria if the block group's percent of minority race and ethnicity persons was equal to or exceeded that of Maryland's state-wide percent (49 percent)" and "based on low-income population criteria if its median household income was at or below $69,850, the HUD 2019 Low-Income Limit for a family of three in the Washington-Arlington-Alexandria, DC-VA-MD [Fair Market Rent] Area." (Final Community Effects Assessment & EJ Analysis Technical Report, at 57 nn.26 & 27.)

91.     State Defendants deny the allegations in Paragraph 91 of the Complaint.

92.     State Defendants deny the allegations in Paragraph 92 of the Complaint.

93.     State Defendants admit that idling combustion engine vehicles generate certain pollutants.  State Defendants otherwise deny the allegations in Paragraph 93 of the Complaint.

94.     State Defendants deny the allegations in Paragraph 94 of the Complaint.

13

95.     State Defendants deny the allegations in Paragraph 95 of the Complaint.

96.     Paragraph 96 purports to cite or characterize legal authority to which no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 96 fully and accurately recites the provisions of 40 C.F.R. § 1508.7 and state that 40 C.F.R. § 1508.7 best reflects its terms.

97.     Paragraph 97 purports to characterize, without citation, statutes, regulations, and legal conclusions regarding an environmental justice analysis, to which no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 97 fully and accurately summarizes the law regarding an environmental justice analysis.

98.     State Defendants deny the allegations in Paragraph 98 of the Complaint.

99.     State Defendants deny the allegations in Paragraph 99 of the Complaint.

**II.     Deficiencies in Defendants' Reviews Under Transportation Act Section 4(f) and NHPA Section 106**

100.     The first sentence of Paragraph 100 purports to cite or characterize legal authority to which no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 100 fully and accurately recites the provisions of the cited statutes and regulations and state that the cited statutes and regulations best reflect their respective terms.  State Defendants admit the allegations in the second sentence of Paragraph 100 of the Complaint.

101.     State Defendants deny the allegations in Paragraph 101 of the Complaint fully and accurately recite FHWA and MDOT's conclusions, which are best reflected in the ROD and Section 4(f) Analysis.

102.     Paragraph 102 purports to characterize and quote, without citation, "FEIS and NEPA documents" to which no response is required.  To the extent a response is otherwise required, State

Defendants deny that Paragraph 102 of the Complaint fully and accurately recites FHWA and MDOT's conclusions, which are best reflected in the ROD and Section 4(f) Analysis.  State Defendants admit that the Section 4(f) analysis concluded that there was no prudent and feasible alternatives to avoid the use of Section 4(f) resources and that the FEIS and ROD present measures to ensure all possible planning to minimize harm and mitigate for adverse impacts and effects.

103.     Paragraph 103 purports to characterize and cite legal authority, the Section 106 analysis, and the Section 106 Programmatic Agreement, to which no response is required.  To the extent a response is otherwise required, State defendants deny the allegations in Paragraph 103 of the Complaint fully and accurately recite the cited regulations, FHWA's and MDOT's findings in the record, or the contents of the Programmatic Agreement, which best reflect their respective contents.  State Defendants admit that as part of the Section 106 a Section 106 Programmatic Agreement was executed, which details the stipulations and commitments that "take into account the effect of the Project on historic properties." (Section 106 Programmatic Agreement, at 5.)

104.     State Defendants deny the allegations in Paragraph 104 of the Complaint.

**A.     Defendants' refusal to determine, prior to issuing the ROD, how the toll lanes project would use and harm Morningstar Moses Cemetery**

105.     State Defendants admit the allegations in Paragraph 105 of the Complaint.

106.     State Defendants admit the allegations in first sentence of Paragraph 106 of the Complaint.  State Defendants further admit that there may be graves outside the known boundaries of the Cemetery, that the exact location of all graves is unknown, and that the number of graves is unknown.  State Defendants deny that the boundaries of the Cemetery are unknown.

107.     State Defendants admit the allegations in the first sentence of Paragraph 107 of the Complaint.  State Defendants lack knowledge or information sufficient to admit or deny the truth of

the allegations in the second sentence of Paragraph 107 of the Complaint because whether the Cemetery is a "nationally significant" historic place has not been determined.

108.    State Defendants admit the allegations in the first sentence of Paragraph 108 of the Complaint.  State Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations in the second sentence of Paragraph 108 of the Complaint.  State Defendants deny the remaining allegations in Paragraph 108 of the Complaint.

109.    State Defendants admit that the Cemetery is located in close proximity to the Beltway, but deny all other allegations contained in Paragraph 109 of the Complaint.

110.    State Defendants admit the allegations in Paragraph 110 of the Complaint.

111.    State Defendants deny the allegations in Paragraph 111 of the Complaint fully and accurately recite the findings in the Cultural Resources Technical Report Volume 9: Documentation of the Morningstar Tabernacle No. 88 Moses Hall and Cemetery (M:35-212) for the I-495 & I-270 Managed Lanes Study and Remote Sensing of the Morningstar Cemetery and the Gibson Grove A.M.E. Zion Church (M:29:39) (prepared by Jennifer Falchetta et al., 2021, and hereafter the "Survey"), which are best reflected in the record.

112.    State Defendants deny the allegations in Paragraph 112 of the Complaint fully and accurately recite the Survey's findings, which are best reflected in the record.  State Defendants admit that "there remains limited potential for burials located outside the historic property boundary within the Preferred Alternative LOD," which is why the State Defendants committed in the Section 106 Programmatic Agreement to "fully investigate areas to be impacted by construction that are near or may be associated with the Morningstar Cemetery as design is advanced further."  (FEIS, at 5-58.)

113.    State Defendants deny the allegations in Paragraph 113 of the Complaint.

114.     State Defendants deny the allegations in Paragraph 114 of the Complaint fully and accurately recite the plans of FHWA and MDOT, which are best reflected in the record.   State Defendants admit that the determination of the potential effects on the Cemetery is ongoing, due to the current inability to access certain portions of the area.

115.     State Defendants deny the allegations in Paragraph 115 of the Complaint.

116.     State Defendants deny the allegations in Paragraph 116 of the Complaint.

**B.     Defendants' failure to minimize harm to Plummers Island**

117.     State Defendants admit that Paragraph 117 of the Complaint describes the approximate size and location of Plummers Island, but State Defendants believe the record best describes the size and location of Plummers Island with regards to the Project.

118.     State Defendants admit the allegations in Paragraph 118 of the Complaint.

119.     State Defendants admit that the Field Club has performed studies of the biodiversity and ecology of parts of Plummers Island but to the extent Paragraph 119 of the Complaint purports to characterize those efforts no response is required.   To the extent a response is necessary, State Defendants deny the allegations in Paragraph 119 of the Complaint.

120.     State Defendants admit that the Field Club deeded Plummers Island to the United States and that those parties entered into an agreement but deny the characterization of that agreement and that the allegations in Paragraph 120 of the Complaint fully and accurately describes the content of that agreement, which speaks for itself.

121.     Paragraph 121 of the Complaint purports to quote, without citation, a characterization of the research efforts on Plummers Island, to which no response is required.   To the extent a response is required, State Defendants lack sufficient information to admit or deny the allegation set forth in Paragraph 121 of the Complaint.

17

122.   State Defendants admit that the Washington Biologists' Field Club on Plummers Island is eligible for inclusion in the National Register of Historic Places and qualifies as a "historic site" under Section 4(f), but State Defendants deny that Paragraph 122 of the Complaint fully and accurately recites the analysis of the Washington Biologists' Field Club on Plummers Island's eligibility in the FEIS, which best reflects its contents.

123.   State Defendants admit sentence one of Paragraph 123 of the Complaint. State Defendants further admit that the Section 4(f) analysis describes a 0.28 acre of the Washington Biologists' Field Club on Plummers Island, all of which, except 0.01 acres, would be a temporary use. State Defendants deny the other allegations in Paragraph 123 of the Complaint fully and accurately recite the Section 4(f) findings, which are best described in the record.

124.   State Defendants admit the allegations in Paragraph 124 of the Complaint but deny that Paragraph 124 fully and accurately describes the Project, which is best reflected in the ROD.

125.   State Defendants admit the allegations in Paragraph 125 of the Complaint.

126.   State Defendants deny the allegations in Paragraph 126 of the Complaint fully and accurately describe the Project, which is best reflected in the ROD.

127.   State Defendants admit that the widened American Legion Bridge would cause an adverse effect to the Washington Biologists' Field Club on Plummers Island. State Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations regarding specific Field Club research plots on Plummers Island.

128.   State Defendants deny the allegations in Paragraph 128 of the Complaint fully and accurately describe the Project, which is best reflected in the FEIS and ROD.

129.   State Defendants deny the allegations in Paragraph 129 of the Complaint.

130.    Paragraph 130 of the Complaint purports to cite or characterize legal authority to which no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 130 of the Complaint fully and accurately recites the provisions of the cited statutes and regulations and state that the cited statutes and regulations best reflect their respective provisions.

131.    Paragraph 131 of the Complaint purports to cite or characterize legal authority to which no response is required.  To the extent a response is otherwise required, State Defendants deny that Paragraph 131 of the Complaint fully and accurately recites the provisions of 23 C.F.R. § 774.3 and state that 23 C.F.R. § 774.3 best reflects its provisions.

132.    Paragraph 132 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, State Defendants deny that Paragraph 132 fully and accurately recites the provisions of the cited regulations and state that the cited regulations best reflect their respective provisions.

133.    State Defendants admit first sentence of Paragraph 133 of the Complaint.  The second sentence of Paragraph 133 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, State Defendants deny that Paragraph 133 fully and accurately recites the provisions of the cited regulation and state that the cited regulation best reflects its provisions.

134.    State Defendants deny the allegations in Paragraph 134 of the Complaint.

135.    State Defendants deny the allegations in Paragraph 135 of the Complaint.

136.    Paragraph 136 of the Complaint purports to characterize the ROD to which no response is required.  To the extent a response is required, State Defendants deny the allegations in Paragraph 136 of the Complaint.

137.    State Defendants deny the allegations in Paragraph 137 of the Complaint.

138.    State Defendants deny the allegations in Paragraph 138 of the Complaint.

## FIRST CLAIM FOR RELIEF

### Violation of NEPA—Failure to Disclose and Explain Traffic Modeling

### (All Plaintiffs, Against All Defendants)

139.    State Defendants incorporate by reference their responses to Paragraphs 1 through 138.

140.    Paragraph 140 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, State Defendants deny that Paragraph 140 fully and accurately recites the provisions of the cited regulations and state that the cited regulations best reflect their respective provisions.

141.    State Defendants deny the allegations in Paragraph 141 of the Complaint.

142.    State Defendants deny the allegations in Paragraph 142 of the Complaint.

143.    State Defendants deny the allegations in Paragraph 143 of the Complaint.

144.    State Defendants deny the allegations in Paragraph 144 of the Complaint.

## SECOND CLAIM FOR RELIEF:

### Violation of NEPA—Failure to Analyze $PM_{2.5}$ Pollution

### (All Plaintiffs, Against All Defendants)

145.    State Defendants incorporate by reference their responses to Paragraphs 1 through 144.

146.    Paragraph 146 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, State Defendants deny that Paragraph 146 fully and accurately recites the holding of *Nat'l Audubon Soc'y v. Dep't of Navy*, 422 F.3d 174, 184 (4th Cir. 2005) and state that the opinion in that case best reflect its holding.

147.    State Defendants deny the allegations in Paragraph 147 of the Complaint.

148.    State Defendants deny the allegations in Paragraph 148 of the Complaint.

### THIRD CLAIM FOR RELIEF:

**Violation of NEPA—Failure to Analyze Cumulative and Disproportionate Harms to Environmental Justice Communities**

**(All Plaintiffs, Against All Defendants)**

149.    State Defendants incorporate by reference their responses to Paragraphs 1 through 148.

150.    State Defendants deny the allegations in Paragraph 150 of the Complaint.

151.    State Defendants deny the allegations in Paragraph 151 of the Complaint.

152.    Paragraph 152 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, State Defendants deny that Paragraph 152 fully and accurately recites the provisions of the cited regulations and statutes and state that the cited regulations and statutes best reflect their terms.

153.    State Defendants deny the allegations in Paragraph 153 of the Complaint.

### FOURTH CLAIM FOR RELIEF

**Violation of Transportation Act Section 4(f) and NHPA Section 106—Unlawful Deferral of Use and Adverse-Effect Determinations for Morningstar Tabernacle No. 88 Moses Hall and Cemetery**

**(Plaintiffs Friends of Moses Hall, National Trust for Historic Preservation, and Sierra Club, Against All Defendants)**

154.    State Defendants incorporate by reference their responses to Paragraphs 1 through 153.

155.    Paragraph 155 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, State Defendants deny the allegations in Paragraph

155 of the Complaint.

156.    State Defendants admit the allegations in Paragraph 156 of the Complaint.

157.    State Defendants deny the allegations in Paragraph 157 of the Complaint.

158.    Paragraph 158 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, State Defendants deny the allegations in Paragraph 158 of the Complaint.

159.    Paragraph 159 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, State Defendants deny the allegations in Paragraph 159 of the Complaint.

160.    State Defendants admit the allegations in Paragraph 160 of the Complaint.

161.    State Defendants admit the allegations in Paragraph 161 of the Complaint.

162.    Paragraph 162 of the Complaint purports to cite or characterize legal authority to which no response is required.  To the extent a response is required, State Defendants deny that Paragraph 162 fully and accurately recites the provisions of the cited regulations and state that the cited regulations best reflect their terms

163.    State Defendants deny the allegations in Paragraph 163 of the Complaint.

**FIFTH CLAIM FOR RELIEF**

**Violation of NHPA Section 106—Failure to Analyze Harmful Cumulative Effects to Morningstar Tabernacle No. 88 Moses Hall and Cemetery**

**(Plaintiffs Friends of Moses Hall, National Trust for Historic Preservation, and Sierra Club, Against All Defendants)**

164.    State Defendants incorporate by reference their responses to Paragraphs 1 through 163.

165.     Paragraph 165 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, State Defendants deny the allegations in Paragraph 165 of the Complaint.

166.     Paragraph 166 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, State Defendants deny the allegations in Paragraph 166 of the Complaint.

167.     State Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations in Paragraph 167.

168.     The allegations in Paragraph 168 propose hypothetical events to which no response is required.  To the extent a response is required, the State Defendants deny the allegations contained in Paragraph 168.

169.     State Defendants deny the allegations in Paragraph 169 of the Complaint.

170.     State Defendants deny the allegations in Paragraph 170 of the Complaint.

## SIXTH CLAIM FOR RELIEF

**Violation of Transportation Act Section 4(f)—Arbitrary Determination of Least Overall Harm**

**(Plaintiffs Sierra Club, National Trust for Historic Preservation, and NRDC, Against All Defendants)**

171.     State Defendants incorporate by reference their responses to Paragraphs 1 through 170.

172.     State Defendants admit the allegations in Paragraph 172 of the Complaint.

173.     State Defendants deny the allegations in Paragraph 173 of the Complaint.

174.     State Defendants deny the allegations in Paragraph 174 of the Complaint.

175.     State Defendants deny the allegations in Paragraph 175 of the Complaint.

176.     State Defendants deny the allegations in Paragraph 176 of the Complaint.

## REQUEST FOR RELIEF

Regarding Plaintiffs' request for relief:

A.     State Defendants deny that Plaintiffs are entitled to any declaratory relief or that State Defendants have violated NEPA.

B.     State Defendants deny that Plaintiffs are entitled to any declaratory relief or that State Defendants have violated Transportation Act Section 4(f).

C.     State Defendants deny that Plaintiffs are entitled to an order vacating the June 17, 2022 FEIS and Section 4(f) determination and August 25, 2022 ROD.

D.     State Defendants deny that Plaintiffs are entitled to any injunctive relief or that the State Defendants have not fully complied with NEPA, NHPA, the Transportation Act, or the APA.

E.     State Defendants deny that Plaintiffs are entitled to an award of their litigation costs, attorneys' fees or expert witness fees.

F.     State Defendants deny that Plaintiffs are entitled to any other relief.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by waiver.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

WHEREFORE, State Defendants respectfully request that this Court:

A.     Enter judgment in favor of the Defendants.

B.     Dismiss the Complaint with prejudice and on the merits.

C.     Award Plaintiffs no relief.

D.      Award Defendants such other and further relief as the Court determines is just, proper, and equitable.

Dated: December 19, 2022                    Respectfully submitted,

                                            BRIAN E. FROSH
                                            ATTORNEY GENERAL OF MARYLAND

                                            LINDA M. DEVUONO (Fed. Bar No. 08667)
                                            OFFICE OF THE ATTORNEY GENERAL OF MARYLAND
                                            707 N. Calvert St., 4th Floor
                                            Baltimore, MD 21202
                                            Tel: (410) 530-9783
                                            LDeVuono@mdot.maryland.gov

                                            *Counsel for Defendants Maryland Department of Transportation and James F. Ports, Jr.*

                                            _____/s/_____
                                            FRED R. WAGNER (Fed. Bar No. 15806)
                                            VENABLE LLP
                                            600 Massachusetts Avenue, NW
                                            Washington, DC 20001
                                            Tel: (202) 344-4032
                                            Fax: (202) 344-8300
                                            FRWagner@Venable.com

                                            ELIZABETH C. RINEHART (Fed. Bar No. 19638)
                                            VENABLE LLP
                                            750 E. Pratt Street, Suite 900
                                            Baltimore, MD 21202
                                            Tel: (410) 244-7400
                                            Fax: (410) 244-7742
                                            ECRinehart@Venable.com

                                            *Special Counsel to the Attorney General of Maryland for Defendants Maryland Department of Transportation and James F. Ports, Jr.*

25

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 19th day of December 2022, a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

_____/s/_____
Elizabeth C. Rinehart
