IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARYLAND CHAPTER OF THE SIERRA CLUB, et al.<br><br>v.<br><br>FEDERAL HIGHWAY ADMINISTRATION, et al. | No. 22-cv-2597-DKC |
| NORTHERN VIRGINIA CITIZENS ASSOCIATION,<br><br>v.<br><br>FEDERAL HIGHWAY ADMINISTRATION, et al. | No. 22-cv-3336-DKC |

**FEDERAL DEFENDANTS' ANSWER TO COMPLAINT OF PLAINTIFF NORTHERN VIRGINIA CITIZENS ASSOCIATION**

Under Rule 8 of the Federal Rules of Civil Procedure, the Federal Highway Administration (FHWA), Stephanie Pollack, and Gregory Murrill (together, the "Federal Defendants") by and through the undersigned counsel, respond as follows to Plaintiff Northern Virginia Citizens Association's ("NOVA Citizens Association") Complaint for Declaratory and Injunctive Relief.

**INTRODUCTION**

1. Federal Defendants admit that FHWA and the Maryland Department of Transportation (MDOT) have approved the Managed Lanes Project (the "Project"), which Plaintiff refers to as the "Toll Lanes Project," which involves an approximately 15-mile stretch of I-495 and I-270 between Mclean, Virginia, and Gaithersburg Maryland. The remaining allegations in Paragraph 1 constitute Plaintiff's

1

characterization of the Project, which is more fully described in the Final Environmental Impact Statement (FEIS) and the FHWA Record of Decision (ROD), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Federal Defendants deny any allegation contrary to the plain language, meaning, and context of the FEIS and ROD.

2. Federal Defendants admit that FHWA and the Virginia Department of Transportation have approved the I-495 Express Lanes Northern Extension (495 NEXT) project, which involves extending the 495 Express Lanes in Virginia by approximately three miles from the I-495 and Dulles Toll Road interchange to the vicinity of the American Legion Bridge.

3. Federal Defendants deny the allegations in Paragraph 3.

4. Federal Defendants deny the allegations in Paragraph 4.

5. Federal Defendants deny the allegations in Paragraph 5.

6. Federal Defendants admit they issued the FEIS and ROD for the Project and are moving forward with the Project. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny the allegations in Paragraph 6.

7. Federal Defendants deny the allegations in Paragraph 7.

**JURISDICTION AND VENUE**

8. The allegations contained in Paragraph 8 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants admit that this Court has jurisdiction to hear claims arising under the cited statutes.

9. The allegations contained in Paragraph 9 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants admit that venue in this district is proper.

10. The allegations contained in Paragraph 10 consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants admit that assignment to the Southern Division of this Court is appropriate.

## PARTIES

**I.   Plaintiff**

11. Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in Paragraph 11.

12. Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in the first sentence of Paragraph 12. The allegation in the third sentence of Paragraph 12 constitutes Plaintiff's characterization of the Project. To the extent that a response is required, Federal Defendants deny this allegation. Federal Defendants deny the remaining allegations in Paragraph 12.

13. Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in the first sentence of Paragraph 13. Federal Defendants deny the remaining allegations in Paragraph 13.

**II.  Defendants**

   **A.   Federal Defendants**

14. Federal Defendants admit the allegations in Paragraph 14.

15. Federal Defendants aver that Stephanie Pollack is no longer serving as FHWA's Acting Administrator. Shailen Bhatt was sworn in as Administrator of FHWA on January 13, 2023. Federal Defendants admit the remaining allegations in Paragraph 15.

16. Federal Defendants aver that Gregory Murrill is no longer the Division Administrator for the FHWA's Maryland Division. Brandon Buckner is Acting Division

Administer for the FHWA Maryland Division. Federal Defendants admit the remaining allegations in Paragraph 16.

### B. Maryland Defendants

17. Federal Defendants admit the allegations in Paragraph 17.

18. Federal Defendants admit the allegations in the first sentence of Paragraph 18. Federal Defendants deny the remaining allegations in Paragraph 18.

19. Federal Defendants admit the allegations in Paragraph 19.

20. Federal Defendants admit the allegations in the first sentence of Paragraph 20. Federal Defendants admit that FHWA and MDOT share "control and responsibility" for the NEPA process. The remaining allegations in Paragraph 20 constitute Plaintiff's characterization of the Public-Private Partnership Agreement (P3 Agreement), which speaks for itself and is the best evidence of its contents.

21. Federal Defendants admit the allegations in Paragraph 21.

## STATUTORY AND REGULATORY BACKGROUND

### I. National Environmental Policy Act (NEPA)

22. The allegations in Paragraph 22 present conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 22 purport to characterize and quote the National Environmental Policy Act (NEPA), which speaks for itself and is the best evidence of its contents.

23. The allegations in Paragraph 23 present conclusions of law to which no response is required. To the extent a response is required, the allegations purport to characterize and quote *Marsh v. Or. Nat. Res. Council*, 490 U.S. 360, 374 (1989) and NEPA, which speak for themselves and are the best evidence of their contents.

4

24. The allegations in Paragraph 24 present conclusions of law to which no response is required. To the extent a response is required, the allegations purport to characterize and quote NEPA implementing regulations, which speak for themselves and are the best evidence of their content.

25. The allegations in Paragraph 25 present conclusions of law to which no response is required. To the extent a response is required, the allegations purport to characterize and quote NEPA implementing regulations, which speak for themselves and are the best evidence of their content.

26. The allegations in Paragraph 26 constitute present conclusions of law to which no response is required. To the extent a response is required, the allegations purport to characterize and quote NEPA implementing regulations, which speak for themselves and are the best evidence of their content.

**II.     Administrative Procedure Act (APA)**

27. The allegations in Paragraph 27 present conclusions of law to which no response is required. To the extent a response is required, the allegations purport to characterize and quote the Administrative Procedure Act, which speaks for itself and is the best evidence of its content.

**FACTUAL BACKGROUND**

28. Federal Defendants admit the allegations in Paragraph 28.

29. Federal Defendants admit the allegations in the first sentence of Paragraph 29. The remaining allegations in Paragraph 29 constitute Plaintiff's characterization of the Finding of No Significant Impact for the 495 NEXT Project ("495 NEXT FONSI"), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Federal Defendants deny any allegation contrary to the plain language, meaning, and context of the 495 NEXT FONSI.

30. The allegations in Paragraph in 30 constitute Plaintiff's characterization of the 495 NEXT FONSI, the Revised Environmental Assessment for the 495 NEXT project ("495 NEXT Revised EA"), and the administrative record of the 495 NEXT Project, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Federal Defendants deny any allegation contrary to the plain language, meaning, and context of the 495 NEXT FONSI, 495 NEXT Revised EA, and the administrative record of the 495 NEXT Project.

31. Federal Defendants admit that the Project Draft EIS was published in June 2020 and the Project Supplemental Draft EIS was published in October 2021. The remaining allegations in Paragraph 31 constitute Plaintiff's characterization of the Project Draft EIS and Supplemental Draft EIS, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Federal Defendants deny any allegation contrary to the plain language, meaning, and context of the Project Draft EIS and Supplemental Draft EIS.

32. Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in the first, second, fourth sentences, and graphic in Paragraph 32. The allegations in the third sentence of Paragraph 32 purport to characterize the Project as described in the ROD, which speaks for itself and is the best evidence of its contents.

33. Federal Defendants admit that the FEIS was published on June 17, 2022. The remaining allegations in Paragraph 33 constitute Plaintiff's characterization of the FEIS, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Federal Defendants deny any allegations contrary to the plain language, meaning, and context of the FEIS.

34. Federal Defendants admit that FHWA issued the ROD for the Project on August 25, 2022. The remaining allegations in the first, second, and third sentences of Paragraph 34 constitute Plaintiff's characterization of the ROD, which speaks for itself and is the best evidence of its content. To the extent a response is required, Federal Defendants deny any allegations contrary to the plain language, meaning, and context of the ROD. Federal Defendants lack knowledge or information sufficient to form belief as to the truth of the allegations in the fourth sentence and drawing in Paragraph 34.

35. Federal Defendants admit that the ROD states that construction was estimated to last for approximately five years, with a preliminary estimated cost of $3.75 to $4.25 billion.

36. Federal Defendants admit that MDOT plans to deliver the Project through a P3 Agreement. The remaining allegations in Paragraph 36 constitute Plaintiff's characterization of the P3 Agreement, which speaks for itself and is the best evidence of its contents.

37. The allegations in Paragraph 37 constitute Plaintiff's characterization of the P3 Agreement, which speaks for itself and is the best evidence of its contents.

38. The allegations in Paragraph 38 constitute Plaintiff's characterization of the P3 Agreement, which speaks for itself and is the best evidence of its contents.

## CLAIM

39. The allegation in Paragraph 39 is a legal conclusion to which no response is required. To the extent a response if required, the allegations in Paragraph 39 contains Plaintiff's characterization of NEPA, which speaks for itself and is the best evidence of its contents.

40. Federal Defendants admit the allegation in Paragraph 40.

41. Federal Defendants admit the allegation in Paragraph 41.

42. Federal Defendants admit the allegation in Paragraph 42.

43. Federal Defendants admit the allegation in Paragraph 43.

44. Federal Defendants deny the allegations in Paragraph 44.

45. Federal Defendants deny the allegations in Paragraph 45.

46. Federal Defendants deny the allegations in Paragraph 46.

47. Federal Defendants deny the allegations in Paragraph 47.

48. The allegations in Paragraph 48 purport to cite and contain Plaintiff's characterization of the regulations implementing NEPA, which speak for themselves and are the best evidence of their contents.

49. Federal Defendants deny the allegations in Paragraph 49.

50. Federal Defendants deny the allegations in Paragraph 50.

## REQUEST FOR RELIEF

The remainder of the Complaint constitutes Plaintiff's request for relief, to which no response is required. To the extent a response may be deemed required, Federal Defendants denies that Plaintiff is entitled to the relief sought or to any form of relief.

## GENERAL DENIAL

Federal Defendants deny any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified in all the preceding paragraphs.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim for which relief may be granted on some or all its claims.

2. Plaintiff's claim is barred by the statute of limitations.

DATED: March 7, 2023

                                        Respectfully submitted,

                                        TODD KIM
                                        Assistant Attorney General

                                        By: */s/ Frances B. Morris*
                                        FRANCES B. MORRIS
                                        SAMUEL R. VICE
                                        Trial Attorneys
                                        Natural Resources Section
                                        Environmental and Natural Resources Division
                                        U.S. Department of Justice
                                        P.O. Box 7611
                                        Washington, D.C. 20044-7611
                                        Tel: (202) 514-2855
                                        Email: frances.morris@usdoj.gov

                                        *Counsel for Federal Defendants*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 7th day of March 2023 that a copy of the foregoing Answer to Plaintiff's Complaint has been electronically filed with the Clerk of Court and served on all registered parties via CM/ECF.

                                                By: */s/ Frances B. Morris*
                                                FRANCES B. MORRIS