UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| MARYLAND CHAPTER OF THE SIERRA CLUB, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> FEDERAL HIGHWAY ADMINISTRATION, *et al.*, <br><br> *Defendants*. | Case No.: 8:22-cv-2597-DKC |
| NORTHERN VIRGINIA CITIZENS ASSOCIATION, <br><br> *Plaintiff*, <br><br> v. <br><br> FEDERAL HIGHWAY ADMINISTRATION, *et al.*, <br><br> *Defendants*. | Case No.: 8:22-cv-03336-DKC |

**ANSWER OF STATE DEFENDANTS**

Defendants Maryland Department of Transportation and James F. Ports, Jr. (collectively, the "State Defendants"), for their Answer to the Complaint for Declaratory and Injunctive Relief by Plaintiff Northern Virginia Citizens Association ("NOVA Citizens Association"), state as follows:

57929492-v8

# INTRODUCTION[1]

1. State Defendants admit that Paragraph 1 generally describes the approximate length and location of the Managed Lanes Project (the "Project"), which is more fully described in the Federal Highway Administration (FHWA) Record of Decision (ROD), which speaks for itself and is the best evidence of its contents. To the extent a response is otherwise required, State Defendants deny the allegations in Paragraph 1 of the Complaint.

2. State Defendants deny the allegations in Paragraph 2 of the Complaint.

3. State Defendants deny the allegations in Paragraph 3 of the Complaint.

4. State Defendants deny the allegations in Paragraph 4 of the Complaint.

5. State Defendants deny the allegations in Paragraph 5 of the Complaint.

6. State Defendants admit that work related to design, financing and final permits is continuing but deny that they are currently moving to "start construction." State Defendants deny all other allegations in Paragraph 6 of the Complaint.

7. State Defendants deny the allegations in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. Paragraph 8 consists of legal conclusions and characterization of this Complaint to which no response is required. To the extent a response is required, State Defendants admit that this Court has jurisdiction to hear claims arising under the cited statutes.

9. State Defendants admit that venue in this district is proper.

10. State Defendants admit that assignment to the Southern Division of this Court is appropriate as to the allegations related to the State Defendants.

---

[1] For ease of reference, State Defendants' Answer refers to the headings contained in the Complaint. To the extent those headings could be construed to contain factual allegations, and to the extent a response is deemed required, those allegations are denied.

## PARTIES

**I.   Plaintiff**

11.   State Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations in Paragraph 11.

12.   State Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations in the first sentence of Paragraph 12.  State Defendants otherwise deny the allegations in Paragraph 12 of the Complaint.

13.   State Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations in the first sentence of Paragraph 13.  State Defendants otherwise deny the allegations in Paragraph 13 of the Complaint.

**II.   Defendants**

    **A.   Federal Defendants**

14.   State Defendants admit the allegations in Paragraph 14 of the Complaint.

15.   State Defendants admit the allegations in Paragraph 15 of the Complaint, except that Stephanie Pollack is no longer the FWHA's Acting Administrator as Shailen Bhatt was sworn in as Administrator on January 13, 2023.

16.   State Defendants admit the allegations in Paragraph 16 of the Complaint, except that Gregory Murrill is no longer the Division Administrator for the FWHA's Maryland Division.

    **B.   State Defendants**

17.   State Defendants admit the allegations in Paragraph 17 of the Complaint.

18.   State Defendants admit the allegations in the first sentence of Paragraph 18 of the Complaint.  State Defendants deny the remaining allegations in Paragraph 18 of the Complaint.

19.   State Defendants admit the allegations in Paragraph 19 of the Complaint.

20. State Defendants admit that MDOT and the Maryland Transportation Authority entered a Phase 1 Public-Private Partnership Agreement (P3 Agreement) with a private developer but deny that Paragraph 20 of the Complaint fully and accurately reflects the P3 Agreement's terms and otherwise note that no response is necessary as the P3 Agreement speaks for itself and is the best evidence of its contents.

21. State Defendants admit the allegations in Paragraph 21 of the Complaint, except that State Defendants note that the Secretary of the Maryland Department of Transportation is now Paul J. Wiedefeld.

## STATUTORY AND REGULATORY BACKGROUND

### I. National Environmental Policy Act (NEPA)

22. Paragraph 22 purports to cite or characterize legal authority to which no response is required. To the extent a response is otherwise required, State Defendants deny that Paragraph 22 fully and accurately recites the provisions of 42 U.S.C. §§ 4321 & 4331 and state that 42 U.S.C. §§ 4321 & 4331 best reflect their terms.

23. Paragraph 23 purports to cite or characterize legal authority to which no response is required. To the extent a response is otherwise required. State Defendants deny that Paragraph 23 fully and accurately recites the provisions of 42 U.S.C. § 4322 and the holding of *Marsh v. Or. Nat. Res. Council*, 490 U.S. 360, 374 (1989) and state that 42 U.S.C. § 4322 best reflects its terms and the *Marsh* opinion best reflects its holding.

24. Paragraph 24 purports to cite or characterize legal authority to which no response is required. To the extent a response is otherwise required, State Defendants deny that Paragraph 24 fully and accurately recites the provisions of the cited statutes and regulations and state that the cited statutes and regulations best reflect their respective terms.

25. Paragraph 25 purports to cite or characterize legal authority to which no response is required. To the extent a response is otherwise required, State Defendants deny that Paragraph 25 fully and accurately recites the provisions of the cited regulations and state that the cited regulations best reflect their respective terms.

26. Paragraph 26 purports to cite or characterize legal authority to which no response is required. To the extent a response is otherwise required, State Defendants deny that Paragraph 26 fully and accurately recites the provisions of the cited statutes and regulations and state that the cited statutes and regulations best reflect their respective terms.

## II. Administrative Procedure Act (APA)

27. Paragraph 27 purports to cite or characterize legal authority to which no response is required. To the extent a response is otherwise required, State Defendants deny that Paragraph 27 fully and accurately recites the provisions of the cited statutes and state that the cited statutes best reflect their respective terms.

## FACTUAL BACKGROUND

28. State Defendants admit the allegations in Paragraph 28 of the Complaint.

29. Paragraph 29 purports to cite, excerpt, and characterize the Virginia Department of Transportation's Finding of No Significant Impact of the I-495 NEXT project (VDOT FONSI), a legal document that speaks for itself and therefore no response is required. To the extent a response is otherwise required, State Defendants deny that Paragraph 29 fully and accurately recites the contents of the VDOT FONSI and state that the VDOT FONSI best reflects that content.

30. Paragraph 30 purports to cite, excerpt, and characterize the VDOT FONSI, VDOT EA, and the administrative record of the I-495 NEXT project, legal documents that speaks for themselves and therefore no response is required. To the extent a response is otherwise required, State Defendants deny that Paragraph 30 fully and accurately recites the contents of the VDOT

FONSI, VDOT EA, and the administrative record of the I-495 NEXT project and state that the VDOT FONSI, VDOT EA, and the administrative record of the I-495 NEXT project best reflect that content.

31. Paragraph 31 purports to cite, excerpt, and characterize the Project Draft EIS and Supplemental Draft EIS, legal documents that speaks for themselves and therefore no response is required. To the extent a response is otherwise required, State Defendants deny that Paragraph 31 fully and accurately recites the contents of the Project Draft EIS and Supplemental Draft EIS and state that the Project Draft EIS and Supplemental Draft EIS best reflect that content.

32. State Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations in Paragraph 32. State Defendants also deny that the allegations in Paragraph 32 accurately describe the Project, which is more fully described in the Federal Highway Administration (FHWA) Record of Decision (ROD), which speaks for itself and is the best evidence of its contents.

33. State Defendants admit that the FEIS was published on June 17, 2022. Paragraph 33 otherwise purports to cite, excerpt, and characterize the Project FEIS, a legal document that speaks for itself and therefore no response is required. To the extent a response is otherwise required, State Defendants deny that Paragraph 33 fully and accurately recites the contents of the Project FEIS and state that the Project FEIS best reflects that content.

34. Paragraph 34 purports to cite, excerpt, and characterize the Project ROD, a legal document that speaks for itself and therefore no response is required. To the extent a response is otherwise required, State Defendants deny that Paragraph 34 fully and accurately recites the contents of the Project ROD and state that the Project ROD best reflects that content.

35. State Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Paragraph 36 purports to cite, excerpt, and characterize the P3 Agreement, a published legal document that speaks for itself and therefore no response is required. To the extent a response is otherwise required, State Defendants deny that Paragraph 36 fully and accurately recites the contents of the P3 Agreement, which best reflects its own contents.

37. Paragraph 37 purports to cite, excerpt, and characterize the P3 Agreement, a published legal document that speaks for itself and therefore no response is required. To the extent a response is otherwise required, State Defendants deny that Paragraph 37 fully and accurately recites the contents of the P3 Agreement and state that the P3 Agreement, which best reflects its own contents.

38. Paragraph 38 purports to cite, excerpt, and characterize the P3 Agreement, a published legal document that speaks for itself and therefore no response is required. To the extent a response is otherwise required, State Defendants deny that Paragraph 38 fully and accurately recites the contents of the P3 Agreement, which best reflects its own contents.

## CLAIM

**Defendants Failed to Take a Hard Look at the Environmental Impacts of and Alternatives to Flyover Ramps To Be Constructed in Virginia in Violation of NEPA.**

39. Paragraph 39 states a legal conclusion to which no response is required. To the extent a response is required, State Defendants admit that an environmental impact statement was prepared.

40. State Defendants admit the allegations in Paragraph 40 of the Complaint.

41. State Defendants admit the allegations in Paragraph 41 of the Complaint.

42. State Defendants admit the allegations in Paragraph 42 of the Complaint.

43. State Defendants admit that the ROD issued on August 25, 2022 and that the ROD, in addition to providing other information, approved the Project.

44. State Defendants deny the allegations in Paragraph 44 of the Complaint.

45. State Defendants deny the allegations in Paragraph 45 of the Complaint.

46. State Defendants deny the allegations in Paragraph 46 of the Complaint.

47. State Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Paragraph 48 purports to cite or characterize legal authority to which no response is required. To the extent a response is otherwise required, State Defendants deny that Paragraph 48 fully and accurately recites the provisions of 40 C.F.R. § 1508.7 and state that 40 C.F.R. § 1508.7 best reflects its terms.

49. State Defendants deny the allegations in Paragraph 49 of the Complaint.

50. State Defendants deny the allegations in Paragraph 50 of the Complaint.

## REQUEST FOR RELIEF

Regarding Plaintiff's request for relief:

A. State Defendants deny that Plaintiff is entitled to any declaratory relief or that State Defendants have violated NEPA.

B. State Defendants deny that Plaintiff is entitled to an order vacating the June 17, 2022 FEIS.

C. State Defendants deny that Plaintiff is entitled to any injunctive relief or that the State Defendants have not fully complied with NEPA or the APA.

D. State Defendants deny that Plaintiff is entitled to an award of their litigation costs, attorneys' fees or expert witness fees.

E. State Defendants deny that Plaintiff is entitled to any other relief.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by waiver.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to pursue its claim.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join a necessary party.

WHEREFORE, State Defendants respectfully request that this Court:

    A.    Enter judgment in favor of the Defendants.

    B.    Dismiss the Complaint with prejudice and on the merits.

    C.    Award Plaintiff no relief.

    D.    Award Defendants such other and further relief as the Court determines is just, proper, and equitable.

Dated: March 7, 2023

Respectfully submitted,

ANTHONY G. BROWN
ATTORNEY GENERAL OF MARYLAND

LINDA M. DEVUONO (Fed. Bar No. 08667)
OFFICE OF THE ATTORNEY GENERAL OF MARYLAND
707 N. Calvert St., 4th Floor
Baltimore, MD 21202
Tel: (410) 530-9783
LDeVuono@mdot.maryland.gov

*Counsel for Defendants Maryland Department of Transportation and James F. Ports, Jr., in his official capacity*

/s/
FRED R. WAGNER (Fed. Bar No. 15806)
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 344-4032
Fax: (202) 344-8300
FRWagner@Venable.com

ELIZABETH C. RINEHART (Fed. Bar No. 19638)
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Tel: (410) 244-7400
Fax: (410) 244-7742
ECRinehart@Venable.com

*Special Counsel to the Attorney General of Maryland for Defendants Maryland Department of Transportation and James F. Ports, Jr., in his official capacity*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of March 2023, a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

/s/
Elizabeth C. Rinehart