UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

MARYLAND CHAPTER OF THE SIERRA CLUB, *et al.*,

*Plaintiffs*,

v.

FEDERAL HIGHWAY ADMINISTRATION, *et al.*,

*Defendants*.

No. 22-cv-2597 (DKC)

### DECLARATION OF GINA TRUJILLO

I, Gina Trujillo, do hereby affirm and state:

1. My name is Gina Trujillo. I have personal knowledge of the matters stated herein.

2. I am the National Director of Membership and Donor Systems for the Natural Resources Defense Council (NRDC). I have been employed at NRDC for over thirty years. My duties as the National Director of Membership and Donor Systems include supervising the maintenance and updating of NRDC's membership database, which is a listing of those persons who are members of NRDC.

3. NRDC is a membership organization incorporated under the laws of New York. It is recognized as a not-for-profit corporation under section 501(c)(3) of the United States Internal Revenue Code.

4. NRDC currently has hundreds of thousands of members nationwide, including more than two thousand members in Montgomery County, Maryland, and many thousands of additional members in the broader Washington, D.C. metro region.

1

5. When someone becomes a member of NRDC, they authorize NRDC to take legal action on their behalf to protect the environment and public health.

6. NRDC's mission "is to safeguard the Earth: its people, its plants and animals, and the natural systems on which all life depends." As part of its mission, NRDC works to advance sustainable and equitable methods of transporting people and goods.

7. In support of its mission, NRDC has for decades advocated for sustainable and equitable transportation systems and against transportation projects that frustrate those goals. Through local, state, and federal advocacy, NRDC's Transportation Policy team works to advance a zero-pollution transportation system that is equitably accessible to all U.S. residents. This work includes commenting on proposed agency rules and engaging in project reviews under the National Environmental Policy Act. And, when necessary, NRDC challenges unsustainable or inequitable transportation-related decisions in court. For instance, NRDC sued the National Highway Traffic Safety Administration when it weakened rules designed to help enforce vehicle fuel efficiency standards, *see New York v. NTHSA*, 974 F.3d 87 (2d Cir. 2020), and challenged the Federal Highway Administration's suspension of a rule requiring states to measure and set targets for reducing greenhouse gas emissions from cars on highways, *see Clean Air Carolina et al. v. FHWA*, No. 17-cv-5779 (S.D.N.Y. filed July 31, 2017). And NRDC has successfully challenged transportation infrastructure projects that would harm the environment, *see NRDC v. U.S. Army Corps of Engineers*, 399 F. Supp. 2d 386 (S.D.N.Y. 2005), or historically marginalized communities, *see City of Long Beach v. City of Los Angeles*, 19 Cal. App. 5th 465 (2018).

8. This lawsuit challenging the Maryland Department of Transportation and Federal Highway Administration's plan to add toll lanes to parts of Interstate 495 and Interstate 270 in

Montgomery County, Maryland, furthers NRDC's mission and its longstanding efforts to promote sustainable and equitable transportation solutions, and to challenge proposals that worsen air pollution and disproportionately impact low-income communities and communities of color.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: May 9, 2023
Katonah, NY

Gina Trujillo